


IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE H. NORMAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-836-N-BD |
| | § | |
| CERTEGY CHECK SERVICES, INC. | § | |
| | § | |
| Defendant. | § | |

## MAGISTRATE JUDGE'S QUESTIONNAIRE TO THE PLAINTIFF

TO: Wayne H. Norman
7940 N. MacArthur Blvd
Apt. 2145
Irving, TX 75063

DIRECTIONS: The Plaintiff shall answer the following Questions in the space provided for his answer. The answers to these Questions shall be verified under penalty of perjury by the Plaintiff on the signature line at the conclusion of these Questions, and returned to the United States Magistrate Judge within twenty (20) days of the date upon which the Plaintiff receives the Questionnaire. Failure to file answers to the Questions may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Plaintiff is also **ORDERED** that at all times during the pendency of this action, he shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE TO THE COURT OF CHANGE OF ADDRESS" and contain only information pertaining to the change of address and its effective date. The notice shall not contain any motions for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**QUESTION NO. 1:** Please state, as specifically as possible, each claim you are asserting in this suit. For each claim,

    a)     identify the statute or case law basis under which you are suing;

    b)     **briefly** provide the underlying facts;

    c)     state **specifically** how you were harmed;

    d)     identify the defendant(s) responsible;

    e)     state the date the defendant(s) acted; and

    f)     state the date you became aware of the actions of the defendant(s).

**ANSWER:**

A) Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq. Texas Debt Collection Practices Act, Chpt. 392 and the Texas Business and Commerce Code, subchapter E, Chp 17

b) Certegy Check Services violated the above provisions by initially contacting me via telephone on 5/20/2011. After requesting a payment of an alleged debt, I requested that they send validation in writing pursuant to 15 USC 1692g. Certegy Check Services provided insufficient documentation approximately 30 days after the initial communication. Thus, violating the above provisions.

c) Certegy Check Services actions constitute highly offensive and deceptive collection tactics and as a result, is liable for statutory damages

d) CERTEGY CHECK SERVICES, INC.

e) MAY — JUNE 2011

f) JUNE 2011

**QUESTION NO. 2:** Please identify the relief that you are seeking in this lawsuit, that is, the result you are trying to achieve with this suit. If you would like this court to take action in some way, please describe **specifically** what you are asking this court to do. If you are seeking monetary damages, please state the amount of monetary damages (in United States dollars and cents) you are seeking.

**ANSWER:**

1) I humbly ask that the Court adjudge CERTEGY CHECK SERVICES, INC. violated the ("FDCPA"), ("TDCPA"), and the ("DTPA") Awarding the maximum statutory damages allowable.

Total damages requested $4,000 (U.S. dollars)

QUESTION NO. 3: Please identify each person or entity you wish to name as a defendant in this action. Failure to name a defendant capable of being sued may result in the dismissal of that claim. For each defendant, please state:

    a)    the name of the defendant;

    b)    the address where service of process may be made on that defendant;

    c)    the acts and claims for which he/she is responsible; and

    d)    principal place of business and/or residence of the defendant.

**ANSWER:**

a) CERTEGY CHECK SERVICES, INC.

b) 11601 Roosevelt Blvd. St. Petersburg, Fl 33716

c) Violating the ("FDCPA"), 15 U.S.C. 1692g(A), 1692g(A)(3), 1692g(A)(4), 1692g(A)(5), And 1692e(11). The ("TDCPA") Tex. Fin. Code section 392.304(A)(19) and the ("DTPA") Tex. Fin. Code Ann. Section 392.404

d) 11601 Roosevelt Blvd. St. Petersburg, FL. 33716

**QUESTION NO. 4:** Please provide **specific facts** to establish that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a.

**ANSWER:** Pursuant to ("FDCPA") 15 USC 1692g, within 5 days after initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt; send the consumer a written notice containing:

3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debtor

4) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgement against the consumers and a copy of such verification or judgement will be mailed to the consumer by the debt collector; and

5) A statement that, upon the consumers written request within the thirty-day period described in subsection (4) that the debt or any portion thereof is disputed, or that the consumer requests the name and address of the original creditor

15 USC 1692e(11) states "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and any information obtained will be used for that purpose..."

As I have outlined in question #1, CERTEGY CHECK SERVICES, INC knowingly and deliberately failed to provide the required disclosures.

**QUESTION NO. 5:** Please explain how defendant violated section 1692g of the FDCPA. Indicate whether defendant provided a written validation notice, informing you of your rights under § 1692g, including the right to dispute the validity of the debt within thirty days of receiving the notice. If you received such notice, please state when it was received and attach a copy to this questionnaire.

**ANSWER:** The defendant violated section 1692g of the FDCPA by:
1) Not providing me with the proper disclosures within 5 days of the initial communication (1692g(a))
2) Not providing me with the proper disclosure statement required by section 1692g(3)
3) Not providing me with the proper disclosure statement required by section 1692g(4)
4) Not providing me with the proper disclosure statement required by section 1692g(5)
5) Not providing me with the proper disclosure statement required by section 1692e(11)

Your honor, I did not receive such notice.

**QUESTION NO. 6:** Did defendant send you *any* written communication which contained the information set forth in 15 U.S.C. § 1692g(a)? If so, please state when you received the communication and attach a copy, if available.

**ANSWER:** Yes your honor, the defendant did indicate who the original creditor was, and the alleged amounts. (Letter is attached)

QUESTION NO. 7: Please specifically identify threats, prohibited actions, or false and deceptive statements by defendant that violate the Texas Debt Collection Practices Act ("TDCPA"), codified at Tex. Fin. Code Ann. § 392.001, et seq.

ANSWER: Pursuant to the provisions of the ("TDCPA") 392.304 (5)(A); "that the communication is from debt collector and any information obtained will be used for that purpose."

- This verbiage was left off the dunning letter sent by defendant.

Pursuant to the provisions of the ("TDCPA") 392.304 (19); "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

- Defendant violated this section repeatedly by intentionally leaving out the required disclosure statements required by the ("FDCPA").

**QUESTION NO. 8:** Please identify the specific false, misleading, or deceptive acts or practices committed by defendant that violate the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Comm. Code Ann. § 17.46(a).

**ANSWER:** According to section 392.404 of the ("TDCPA"), A violation of this chapter is A deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, And is actionable under that chapter. Defendant violated these protective provisions by knowingly & intentionally withholding the required disclosures from me.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

STATE OF TEXAS

COUNTY OF

### VERIFICATION

I understand that a false statement or answer to any interrogatories in this cause of action will subject me to penalties for perjury. I declare (or certify, verify or state) under penalty of perjury that the foregoing answers are true and correct (28 U.S.C. § 1746).

SIGNED on this ___22nd___ day of ___March___, 2012

_____
(Signature of Plaintiff)

Certegy Check Services, Inc.
11601 Roosevelt Boulevard
St. Petersburg, Florida 33716
1-800-215-6280

July 19, 2011

Wayne Norman
2803 Riverside Parkway Apt 806
Grand Prairie, TX 75050

Re: Claim No. 25850337 & 25850358

Dear Mr. Norman:

This is written in response to your request for validation of an Automatic Clearing House ("ACH") debits presented by Horseshoe Bossier City. Initially, we would like to assure you that we do understand the concern this matter may have caused.

In order to respond to your inquiry, please allow us to offer some operational information about Certegy Check Services ("CCS"). CCS is a check authorization and warranty service. Merchants throughout the United States and other countries utilize our service to help reduce losses incurred through the retail practice of check acceptance. For many CCS clients, we assume payment responsibility should an authorized check subsequently be returned by the check writer's bank for *any* reason. When a check is returned unpaid, it is forwarded to CCS. We, in turn, purchase the check and initiate collection actions through our subsidiary, Certegy Payment Recovery Services, Inc. ("CPRS").

With regard to your specific inquiry, an Automatic Clearing House (ACH) debit in the amount of $300.00 and $500.00 was presented by Horseshoe Bossier City on 03/10/2011 to your financial institution. Horseshoe Bossier City forwarded these ACH debits to CCS when they returned as "insufficient funds" items from your financial institution. As explained in the preceding paragraph, the ACH's were purchased and entered our files as claim number 25850337 and 25850358. As you may or may not know, when an ACH payment is processed, the account holder has verbally authorized a debit to be taken from his or her checking account by the merchant. The merchant then provides the American Banking Association (routing) number, which identifies the financial institution that holds the account, as well as the account number that is to be debited for the amount of the purchase to the financial institution. The entire transaction is electronic; consequently, there is no paper check issued for this type of transaction. For that reason, we are unable to furnish copies of the checks to you as validation.

If you should have further questions, please do not hesitate to contact our Customer Care Department at 1-800-437-5120.

Sincerely,

*Kelly S*

Kelly Self
Information Specialist
Customer Care Department
Certegy Check Services, Inc.

**CERTEGY**

**USPS PRIORITY MAIL**

Flat Rate Mailing Envelope
For Domestic and International Use
Visit us at usps.com

USPS TRACKING NUMBER
9502 5102 0829 2082 4621 15

RECEIVED
MAR 26 2012
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

U.S. POSTAGE PAID
GRAND PRAIRIE, TX 75050
MAR 22 '12
AMOUNT $5.15
00020829-08
75242

From/Expéditeur:
Wayne Neuman
7444 N. MacArthur Blvd, Apt. 2145
Irving, TX 75063

To/Destinataire:
United States District Court (Dallas Division)
The Honorable Judge Jeff Kaplan
1100 Commerce St. Rm 1611
Dallas, TX 75242-1013
Country of Destination/Pays de destination:




Please recycle.

Recycled Paper

EP14F