IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE H. NORMAN | § | |
| | § | |
|   Plaintiff, | § | |
| | § | C.A. NO. 3-12-CV-836-N-BD |
| VS. | § | |
| | § | JURY DEMANDED |
| CERTEGY CHECK SERVICES, INC., | § | |
| | § | |
|   Defendant. | § | |

**DEFENDANT CERTEGY CHECK SERVICES, INC.'S RULE 12(b)(6)
MOTION TO DISMISS AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant, CERTEGY CHECK SERVICES, INC. ("Certegy") and files its Motion to Dismiss and Brief in Support thereof, pursuant to Fed. R. Civ. P. 12(b)(6), and would respectfully show the Court the following:

## I.   <u>INTRODUCTION</u>

1.     On or about March 22, 2012, WAYNE H. NORMAN ("Plaintiff") filed suit against Certegy alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA"); Texas Debt Collection Act, Section 392 of Tex. Fin. Code Ann ("TDCPA"); and Texas Deceptive Trade Practices Act, Texas Business and Commerce Code, subchapter E, Chapter 17 ("DTPA"). However, Plaintiff failed to allege any factual allegations to support any cognizable claim for relief under the FDCPA, TDCPA, and DTPA. Plaintiff's Original Complaint ("Complaint") is factually insufficient. Instead, Plaintiff's Complaint takes a consciously blunderbuss approach, using vague assertions of purported violations of the FDCPA, TDCPA and DTPA, which Rule 8(a)(2) of the

Federal Rules of Civil Procedure expressly prohibits.

2.      For these reasons, Certegy respectfully requests this Court to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## II.  STANDARD OF REVIEW

3.      Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant, like Certegy, to seek dismissal of a plaintiff's claims if the claims fail to "state a claim upon which relief can be granted."  *See* FED. R. CIV. P. 12(b)(6).  A cause of action can fail to state a "claim upon which relief can be granted" if, *inter alia*, it fails to comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 8(a)(2); *Buerger v. Southwestern Bell Tel. Co.*, 982 F. Supp. 1247, 1249050 (E.D. Tex. 1997); *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, *2 (5th Cir. October 9, 2006) ("a Rule 12(b)(6) motion to dismiss for failure to state a claim may be a proper vehicle to challenge the sufficiency of a pleading under Rule 8").

4.      Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that pleader is entitled to relief,"  the United States Supreme Court has made clear, however, that a Plaintiff is obligated to provide "**more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do**."  *See Bell Atlantic Corp., v. Twombly*, --U.S.--, 127 S. Ct. 1955, 1964-65,---L.Ed.2d.—(2007)(*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couch as a factual

allegation"))(emphasis added). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965 (*citing* 5 C. WRIGHT & A. MILLER, Federal Practice and Procedure § 1216, at 235036 (3d ed. 2004)). "Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief.

5.      Without some factual allegation in the complaint," the United States Supreme Court held that it is "hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id.* at 1965. (citing 5 C. Wright & Miller  § 1202 at 94, 95 ("Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's bare averment that he wants relief and is entitled to it")); *see also Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (holding that Rule 8(a)(2) is intended to give a defendant "fair notice of what the . . . claim is and the grounds upon which it rest"). When the Complaint contains inadequate factual allegations, "this basic deficiency should. . . be exposed at the point of minimum expenditure of time and money by the parties and the court. " *Id.* at 1966.

## III.      ARGUMENT AND AUTHORITIES

A.      <u>Plaintiff Has Failed To State A Claim Under the FDCPA Upon Which Relief Can Be Granted; Therefore, His FDCPA Claims Should Be Dismissed As A Matter of Law</u>.

6.      To defeat a 12(b)(6) Motion on a FDCPA claim, Plaintiff must plead enough facts that, if correct, would establish a plausible claim that Certegy used

various "unfair or unconscionable means to collect or attempt to collect" a consumer debt from Plaintiff. *See* 15 U.S.C. §1692g. However, Plaintiff has failed to meet this standard. Instead, Plaintiff alleges that Certegy failed to provide Plaintiff with a validation statement after his purported telephone conversation with Certegy on May 20, 2011 when he purportedly made an oral request that Certegy send him a validation of the debt through the United States Postal Service. He also alleges that when Certegy responded to his oral request it sent him a letter stating "the entire transaction is electronic; consequently, there is no paper check issued for this type of transaction." *See* Plaintiff's Complaint, [Doc. No.3], page 4, ¶13-15. However, none of these alleged facts provide a basis of a claim under the FDCPA.

      i.    <u>Claim under Section 1692g of FDCPA Should Be Dismissed.</u>

7.    Section 1692g(a) of the FDCPA states that:

> Within **five days** after the **initial** communication with a consumer in connection with the collection of any debt, a debt collector shall, **<u>unless the following information is contained in the initial communication</u>** or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notified the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of debt or a copy of judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collectors; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g(a) (emphasis added).   Under the FDPCA, Certegy is not required to provide the information set forth in section 1692g(a) in its initial communication with a consumer. *See* 15 U.S.C. §1692g(a).  Instead, the statute provides Certegy five days from the date of its initial communication to provide this information.  *Id.*  However, the FDCPA places no requirement on Certegy to repeat or resend the information required by section 1692g(a) if it has been provided in its initial communication with a consumer.  *Id.*

8.      In addition, there is no requirement under the FDCPA that Certegy or any other debt collector provide verification of a debt upon an oral request made at any time after the debt collector's initial communication with the debtor.  *See Osborn v. EKPSZ, LLC*, 2011 WI 4479108, * 6 (S.D. Texas Sept. 26, 2011); *Ong v. Am. Collection Enter.*, No.98-CV-5117, 1999 WL 51816, at *3 (E.D.N.Y. Mar. 15, 1989); *see also Young v. Credit Bureau of Lockport*, No. CIV-86-1121 E, 1989 WL 79054, at *1-2 (W.D.N.Y. July 17, 1989), *amended on other grounds*, 729 F. Supp. 1421 (W.D.N.Y. 1989).  Only **written** requests for verification of a debt or disputes of a debt made within 30 days of the debt collector's initial communication with the debtor impose any duties on a debt collector.  15 U.S.C. §1692g(b); *Id.*; see also *Carroll v. United Compucred Collections, Inc.*, No. 1-99-0152, 2002 WL 31936511, at *8 (M.D. Tenn. November 15, 2002) (only written dispute or request for verification valid under FDCPA) (emphasis added).

9.      In addition, the FDCPA does not impose an affirmative duty on a debt

collector to provide verification of a debt upon the receipt of written request for verification of a debt. *Id.* Instead, the FDCPA provides debt collectors with two options when it receives a written request for validation of a debt. *See* 15 U.S.C. § 1692g(b); *Jang v. A.M. Miller*, 122 F.3d 480 (7th Cir. 1997); *Smith v. Transworld Sys.*, 953 F. 2d 1025, 1031 (6th Cir. 1992) (debt collector does not violate the FDCPA when it ceases collection activity after receiving a request for validation; debt collector need not first send validation before ceasing collection efforts); see also *Carroll v. United Compucred Collections, Inc.*, No. 1-99-0152, 2002 WL 31936511, at *8 (M.D. Tenn. November 15, 2002) (only written dispute or request for verification valid under FDCPA). Furthermore, if a debt collector provides verification of a debt, the FDCPA does not define the term "verification" nor explain what constitutes sufficient verification. See 15 U.S.C. §1692g.  In fact, many federal courts have held that verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed. *See Johnson v. Bac Home Loans Services, LP*, 2011WL 4544013 (E.D. N.C. September 29, 2011); *see also Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999).  However, these courts have held that the debt collector is not required to keep detailed files of the alleged debt…and there is no concomitant obligation to forward copies of bills or other detailed evidence of the debt. *Id.*

11.     In the case at bar, Plaintiff alleges he had a telephone conversation with Certegy on May 20, 2011 and requested proper validation of the debt(s) via mail. *See* Plaintiff's Complaint [Doc. 3], page 4, ¶13-14.   Although he incorrectly

alleges his initial communication with Certegy occurred on May 20, 2011,[1] he does not allege any facts to suggest that Certegy did not provide him proper notice as required by the FDCPA during said call.  In addition, he also does not allege any facts showing that he sent Certegy a written request as required by the FDCPA within thirty days of his initial communication with Certegy, which would have triggered any affirmatives duties under Section 1692g of the FDCPA upon Certegy.   Interestingly, he does not allege that Certegy continued to try to collect the debt from him after he sent a request for verification of the debt and only alleges that Certegy told him that it was unable to furnish copies of the check to him because the file was electronic.

12.     Since Plaintiff has failed to state a claim for which relief may be granted under the FDCPA, Plaintiff's claims under sections 1692g should be dismissed as a matter of law.

      ii.     <u>Claims Under Section 1692e(11) Should be Dismissed</u>

13.     In Paragraph 15 of Plaintiff's Complaint, Plaintiff vaguely alleges that Defendant failed to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. sections 1692e(11), but he failed to allege a single fact to support such allegation.  Section 1692e(11) states:

> (11)  The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used

---

[1] Plaintiff incorrectly alleges that the May 20th communication was Certegy's initial communication with him.  However, Certegy's initial contact with Plaintiff occurred on or about April 7, 2011. At which time, Certegy provided all of the required validation information required by section 1692g when it initially communicated with Plaintiff.  Interestingly, Plaintiff failed to plead or attach to his Complaint, the two initial correspondence on April 7, 2011 sent to Plaintiff that contained all of the required validation statements as required by 15 U.S.C.§1962g(a).

for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. §1692e(11).    Although Plaintiff incorrectly alleges his initial communication with Certegy occurred on May 20, 2011, he does not allege any facts indicating that Certegy failed to disclose in said communication that it was a debt collector, attempting to collect a debt, or that any information obtained would be used for that purpose.  In fact, Plaintiff's own complaint states that Certegy told him it was attempting to collect an "alleged debt" and requested payment of the said debt.   *See* Plaintiff's Complaint [Doc. No. 3], page 4, ¶13-14. According to his own complaint, Plaintiff knew Certegy was attempting to collect a debt.  For these reasons, Certegy requests this Court to dismiss Plaintiff's 1692e(11) claims.

      iii.   Claims For Highly Offensive and/or Invasion of Privacy Should Be Dismissed

15.    Plaintiff alleges in Paragraph 16 of his Complaint that Defendant's actions constitute conduct "highly offensive" to a reasonable person; however, he has failed to allege a single fact showing what, if anything, Certegy purportedly did that was "highly offensive."  *See* Plaintiff's Complaint [Doc. No. 3], page 4, ¶16. Although Plaintiff asserts a claim under the FDCPA, "highly offensive" conduct is not actionable under the FDCPA.  *See* 15 U.S.C. §§1692d, e, and f (statute regulates harassing, oppressive, abusive, false, deceptive and misleading conduct); see also *Pagan v. United Recovery Systems, L.P.*, 2011 WL 6098001 (D.N.J. December 6, 2011) (explaining that a potential violation of FDCPA alone does not constitute "highly offensive" conduct).  Under Texas law, "highly

offensive" conduct may be action under the common tort of invasion of privacy, which Plaintiff has not specifically alleged in this lawsuit.  To prevail on a claim for invasion of privacy under Texas law, a plaintiff must show that the tortfeasor intentionally intruded, physically or otherwise, upon the solitude or seclusion of another or his private affairs and concerns in a manner that would be highly offensive to a reasonable person.  *See Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993).  Additionally, the intrusion must be unreasonable, unjustified, or unwarranted.  *See Household Credit Servs., Inc. v. Driscol*, 989 S.W.2d 72, 84-85 (Tex.App.—El Paso 1998, pet. denied) (recognizing that particularly egregious collection practices may give rise to a cause of action for intrusion of privacy); see also *Cubias v. Global Credit & Collection*, 2011 WL 6101905 (D.N.J. 2011) (New Jersey court discussing how merely contacting or sending a debtor a collection letter in itself does not constitute highly offensive conduct under New Jersey invasion of privacy law, which is similar to Texas law); *see also Pagan v. United Recovery Systems, LP*, 2011 WL 6098001 (D.N.J. 2011) (court rejecting an argument that merely sending a debtor a letter attempting to collect a debt to be highly offensive and also rejecting an argument that contacting a debtor in violation of the FDCPA when represented by counsel was highly offensive.)

16.    As explained by the court in *Pagan*, finding that a debt collector engaged in "highly offensive" conduct by merely calling a debtor on a telephone and requesting payment and/or sending a letter requesting payment would lead to ridiculous results in that every debtor would have a cause of action for invasion of privacy against every debt collector as soon as the debtor is contacted in any

way about a debt. *See, Pagan v. United Recovery Systems, LP*, 2011 WL 6098001 (D.N.J. 2011), *see also* Restatement (SECOND) OF TORTS §652 cmt. b., illus. 5 (explaining there is no liability for calling [plaintiff] on the telephone on one occasion or even two or three, to demand payment of debt).

17.     Although there may be instances when egregious collection practices give rise to a cause of action for intrusion of privacy, Plaintiff has failed to allege any facts showing that any collection efforts taken by Certegy constitute one of those rare instances.   Plaintiff has alleged no facts showing that Certegy intentionally intruded, physically or otherwise, upon his solitude or seclusion or his private affairs in a manner that would be highly offensive.  In addition, Plaintiff has failed to allege any facts showing any actions purportedly taken by Certegy were unreasonable, unjustified or unwarranted.   In fact, Plaintiff's Complaint shows Certegy merely contacted him on the telephone to collect a debt on one occasion and sent a letter to him in direct response to his oral request for verification of the debt, despite not being required to do so by the FDCPA.  Plaintiff seems to be suggesting any contact by a debt collector constitutes "highly offensive" conduct or an invasion of privacy or that a purported violation of the FDCPA automatically constitutes "highly offensive conduct," which it does not.   For these reasons, Certegy respectfully requests this Court to dismiss Plaintiff's claims for "highly offensive" conduct or invasion of privacy.

          iv.     Plaintiff's Claims for Actual Damages Should Be Dismissed.

17.     In Plaintiff's Original Complaint, he seeks actual damages from Certegy under the FDCPA.  *See* Plaintiff's Complaint [Doc. 3], page 5, ¶c. However, the

Complaint is devoid of a single fact supporting actual damages (economic or noneconomic) under the FDCPA.  It is unclear from Plaintiff's Complaint what, if any, type of actual damages Plaintiff is seeking, i.e. out-of-pocket expenses, lost wages, lost earning capacity, emotional distress, mental anguish, pain and suffering, etc.  Thus, Plaintiff's claims for actual damages should be dismissed as a matter of law.

**B.**     **Plaintiff's TDCPA Claims Should Be Dismissed As Matter of Law.**

18.     In Plaintiff's Original Complaint, he alleges that Certegy violated the TDCPA by "using false representation or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex. Fin. Code section 392.304(a)(19))."  *See* Plaintiff's Complaint [Doc. No. 3], pages 5-6, ¶20. However, Plaintiff does not allege a single fact showing what, if any, representations where made by Certegy to Plaintiff or how said representations were "false."  In addition, Plaintiff does not allege any facts showing what, if any, deceptive means Certegy purportedly used to collect a debt.   Furthermore, Plaintiff's Complaint is devoid of a single fact showing what, if any, false representations or deceptive means Certegy purportedly used to obtain information about him. In fact, a plain reading of Plaintiff's Complaint shows no false or deceptive means or actions, of any kind taken by Certegy.  *See* Plaintiff's Complaint [Doc. 3], page 4, ¶¶13, 14, and pages 5-6, ¶¶20-20a.  According to Plaintiff's Complaint, Certegy merely contacted him by telephone to collect a debt and sent him a letter in response to his oral request for verification of the debt. Plaintiff does not allege any facts showing that Certegy made any false

representations during the telephone communication or in its letter and Plaintiff does not allege any facts showing that Certegy did anything deceptive during the telephone call or in its letter. *Id.* Since Plaintiff has failed to plead a claim against Certegy for a violation of §392.304(a)(19), Plaintiff's claim should be dismissed as a matter of law.

## C.   PLAINTIFF'S DTPA CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW

19.    Plaintiff failed to plead any facts supporting a claim for remedies under the Texas Business & Commerce Code ("DTPA").   The DTPA protects only "consumers;" therefore, "consumer" status is an essential element of a DTPA cause of action. *See* TEX. BUS. & COM. CODE § 17.50(a)(1); *Marketic v. Bank National Assoc.*, 436 F. Supp. 2d 842, 854 (N.D. Tex. 2006)(*citing Mendoza v. American Nat'l Ins. Co*., 932 S.W.2d 605, 608 (Tex. App.—San Antonio 196, no writ)); *Figueroa v. West*, 902 S.W.2d 701, 707 (Tex. App.--El Paso 1995, no writ). The issue of consumer status is a question of law for the court to decide. *See Marketic*, at 436 F. Supp. 2d 842, 854 (*citing Grant-Brooks v. WMC Mortgage Corp*., 2003 U.S. Dist. LEXIS 22593, 2003 WL 231195157 *7 (N.D.Tex. 2003)(citing *Lukaskik v. San Antonio Blue Have*n *Pools, Inc.,* 21 S.W.3d 394, 401 (Tex.App.—San Antonio 2000, no pet.)); *How Insurance Co. v. Patriot Financial Servs. of Texas, Inc*., 786 S.W.2d 533, 539 (Tex. App.--Austin 1990, writ denied), *disapproved on other grounds, Hines v. Hash*, 843 S.W.2d 464, 469-70 (Tex. 1992).

20.    In order to qualify as a consumer under the DTPA, two requirements must be established. *See* TEX. BUS. & COM. CODE §17.45(4); *Amstadt v. U.S. Brass*

*Corp.*, 919 S.W.2d 644, 649, 39 TEX. SUP. CT. J. 351 (Tex. 1996) (emphasis added); *Sherman Simon Enters., Inc. v. Lorac Service Corp.*, 724 S.W.2d 13, 14 (Tex. 1987). First, the person must **seek or acquire goods or services by purchase or lease**. *Id.*(emphasis added). Second, the **goods or services purchased or leased must form the basis of the complaint**. *Id.*(emphasis added). "Goods" are defined as the tangible chattel bought for use, and "services" mean work, labor, and services for other than commercial or business use, including services furnished in connection with the sale or repair of goods. *See* TEX. BUS. & COM. CODE §17.45(1).  The Texas Courts have held that the mere loaning of money or the extension of credit, such as a credit card, does not qualify as a "good" or "service" or qualify one as a "consumer."  *See Riverside Nat'l Bank v. Lewis*, 603 S.w.2d 169, 174, 23 Tex. Sup. Ct. J. 418 (Tex.1980).

21.     In *Marketic v. Bank National Assoc*, the United States District Court for the Northern District of Texas dismissed a plaintiff's DTPA claim because he failed to allege facts that he was a "consumer" under the DTPA. See *Marketic v. Bank National Assoc.*, 436 F. Supp. 2d 842, 854 (N.D. Tex. 2006)(*citing Mendoza v. American Nat'l Ins. Co*., 932 S.W.2d 605, 608 (Tex. App.—San Antonio 196, no writ)).  In opposition to the defendant's motion to dismiss, the plaintiff argued that he was not required to show or allege that he was a "consumer" under the DTPA because he brought his DTPA claim under the Texas Finance Code as DTPA tie-in statue claim. *Id.* The court properly rejected this argument and held, although the DTPA tie-in statue, §17.50(h) of the Texas Business & Commerce Code, grants a private right of action under the DTPA to a claimant seeking to recover

under the Texas Debt Collections Act, the DTPA tie-in statue does not exempt claimants from showing that they qualify as a "consumer" under TEX. BUS. & COM. CODE §17.45(4). *Id.* Unless, a plaintiff shows he is a "consumer" under the DTPA, he lacks standing under the DTPA to assert such a claim regardless if he has standing or is asserting a claim under the Texas Finance Code.

22.     In the case at bar, Plaintiff has failed to plead facts showing he is a consumer as defined by the DTPA, has standing to pursue a claim under the DTPA, is entitled to any such relief, and/or that a claim giving rise to said damages even occurred.    Instead, Plaintiff, like the plaintiff in *Marketic,* improperly assumes that he has standing to assert a claim under the DTPA because he has asserted a claim under the TDCPA. Therefore, Plaintiff's demand for remedies under the DTPA should be dismissed as a matter of law.

## IV.    CONCLUSION AND PRAYER

23.     Certegy respectfully requests that the Complaint be dismissed pursuant to Fed. R. Civ. Proc. 8(a)(2) and 12(b)(6) for failure to state a claim upon which relief can be granted.  Alternatively, Certegy prays that the Court enter an order requiring Plaintiff to amend the Complaint with a more definite statement of the suit against Certegy.  Furthermore, Certegy prays for any other relief to which it may be granted in law or equity.

Respectfully Submitted

SPROTT RIGBY NEWSOM ROBBINS,
 & LUNCEFORD, PC

By:___*/s/Kandy E. Messenger*___
KANDY E. MESSENGER
State Bar No. 24053360

Fed. ID. 638777
2211 Norfolk, Suite 1150
Houston, Texas    77098
Tel:  (713) 523-8338
Fax:  (713) 523-9422
**ATTORNEYS FOR DEFENDANT**
**CERTEGY CHECK SERVICES, INC.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the **18TH of April, 2012**, a true and correct copy of the foregoing was served by first class mail, postage prepaid, facsimile or electronic mail by the Clerk of the Court via the CM/ECF and Certified Mail Return Receipt Request, on the following individuals as follows:

Wayne H. Norman                                    Via E-File
7940 N. MacArthur Blvd., Apt. 2145                 Via CMRRR 7011 2000 0000 9032 1022
Irving, Texas 75063


Wayne H. Norman                                    Via E-File
1001 Brook Hollow Drive                            Via CMRRR 7011 2000 0000 9032 1039
Euless, Texas 76063

__/s/Kandy E. Messenger_____
Kandy E. Messenger