IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE H. NORMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-cv-836-N (BF) |
| | § | |
| CERTEGY CHECK SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Wayne H. Norman, proceeding *pro se*, and Defendant Certegy Check Services, Inc.

have filed separate motions for partial summary judgment in this civil action arising out of alleged

violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Texas

Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code § 392.001, *et seq.*, and the Texas

Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code § 17.01, *et seq.* In his amended

complaint, Plaintiff alleges that Defendant, a check authorization and warranty service, improperly

attempted to collect a debt allegedly owed to Horseshoe Bossier City. *See* Plf. Am. Compl. at 3,

¶ 10. More specifically, Plaintiff contends that Defendant failed to provide evidence of the alleged

debt in response to a proper request for validation and that Defendant issued untimely collection

letters that failed to include certain statutorily required disclosures. *Id.* at 3-4, ¶¶ 13, 17-18. Plaintiff

also contends that Defendant issued collection letters and listed the alleged debt on his consumer

credit report after he notified it to "cease and desist" all collection efforts because the debt could not

be validated. *Id.* at 4, ¶¶ 14-16. Defendant denies Plaintiff's allegations and raises a number of

affirmative defenses. Plaintiff filed a motion for partial summary judgment on his claims arising

under Sections 1692e(11) and 1682c(c) of the FDCPA.  Defendant filed a written response and a separate motion for partial summary judgment on Plaintiff's claims arising under the DTPA.  Both motions are now ripe for determination.[1]

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The substantive law determines which facts are material.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A movant who bears the burden of proof at trial must establish "beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  By contrast, a movant who does not have the burden of proof at trial need only point to the absence of a genuine fact issue.  *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).  Once the movant meets its initial burden, the burden shifts to the nonmovant to produce evidence or designate specific facts in the record showing the existence of a genuine issue for trial.  *See Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).  All evidence must be viewed in the light most favorable to the party opposing the motion.  *See Foulston Siefkin LLP v. Wells Fargo Bank of Texas N.A.*, 465 F.3d 211, 214 (5th Cir. 2006).

Plaintiff seeks summary judgment on his claims that (1) Defendant violated Section 1692e(11) of the FDCPA by failing to include statutorily-required "mini-*Miranda*" warnings in its collection letters and (2) Defendant violated Section 1682c(c) of the FDCPA by continuing its debt collection efforts after being notified to "cease and desist."  Plf. MSJ Br. at 3-4.  To prevail on either

---

[1] Plaintiff did not file a response to Defendant's summary judgment motion. Accordingly, the Court considers that motion without the benefit of a response.

claim, Plaintiff must establish the following elements beyond peradventure: (1) he has been the object of collection activity arising from consumer debt; (2) Defendant is a debt collector as defined by the FDCPA; and (3) Defendant has engaged in an act or omission prohibited by the FDCPA. *See, e.g., Boosahda v. Providence Dane LLC*, 462 Fed. Appx. 331, 333 n.3 (4th Cir. 2012); *see also Browne v. Portfolio Recovery Associates, Inc.*, No. H-11-02869, 2013 WL 871966, at *4 (S.D. Tex. Mar. 7, 2013); *Vick v. NCO Financial Systems, Inc.*, No. 2:09-CV-114-TJW-CE, 2011 WL 1193027, at *2 (E.D. Tex. Mar. 7, 2011), *rec. adopted*, 2011 WL 1157710 (E.D. Tex. Mar. 28, 2011). Regarding the first element, the FDCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). "Debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes ...." *Id.*, § 1692a(5).

Despite having the burden of proof on this element, Plaintiff offers no argument -- much less evidence -- that the alleged improper collection activity arises from consumer debt. Even if the Court considers all the documents submitted as evidence in connection with Plaintiff's motion, the evidence fails to establish that the debt at issue was incurred primarily for personal, family, or household purposes. Nothing in any of the correspondence between Plaintiff or Defendant provides any insight into the nature of the debt at issue, *see* Plf. MSJ App., Exhs. A-G; Def. MSJ Resp. App., Exhs. A-I, and copies of the electronic checks themselves fail to give any indication of the purpose for which they were drawn, *see* Def. MSJ Resp. App., Exh. D at 2-5. Plaintiff merely asserts that "[t]here is no dispute between the parties that the alleged debt arose from Plaintiff allegedly writing a check to Horseshoe Bossier City in exchange for goods and services." Plf. MSJ Reply at 4.

3

However, this conclusory assertion is incorrect. Defendant specifically denies Plaintiff's allegation

that it was "engaged ... in the business of attempting to collect debt from Plaintiff, as defined by

15 U.S.C. section 1692a(5) ...." Def. Ans. to Am. Compl. at 4, ¶ 8. Accordingly, the District Court

should deny Plaintiff's motion for summary judgment because he has failed to establish beyond

peradventure the threshold requirement that Defendant's alleged improper collection activity arises

from a consumer debt. *See Boosahda*, 462 Fed. Appx. at 333 (affirming summary judgment in favor

of defendant in FDCPA case because plaintiff was unable to carry his burden of showing that debt

at issue was consumer debt).

Defendant also seeks summary judgment on Plaintiff's DTPA claim on grounds that Plaintiff

does not meet the statutory definition of "consumer" and thus lacks standing to sue under the DTPA.

*See* Def. MSJ Br. at 3. 6-7. Plaintiff's status as a "consumer" is an essential element of his DTPA

claim. *Cushman v. GC Services, LP*, 657 F.Supp.2d 834, 842 (S.D.Tex. Aug 13, 2009), *aff'd*, 397

Fed. Appx. 24 (5th Cir. 2010) (citing *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex.

1996)). To establish DTPA "consumer" status: "(1) a person must have sought or acquired, goods

or services, by purchase or lease; and (2) the goods or services, purchased or leased, must form the

basis of the complaint." *Id.* (quoting *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 614 (Tex.

App. -- Waco 2000)); *see also* Tex. Bus. & Com. Code § 17.45(4). Under Texas law, "money is not

... a 'good'" and "the DTPA's use of the word 'services' d[oes] not include the extension of credit,

or the borrowing of money." *Cushman*, 657 F.Supp.2d at 843 (quoting *Riverside Nat'l Bank v.

Lewis*, 603 S.W.2d 169, 174-75 (Tex. 1980)).

Defendant contends that Plaintiff cannot prove that he purchased or leased any goods or

services which form the basis of his complaint. Def. MSJ Br. at 9, 11. Indeed, the evidence before

4

the Court shows only that Plaintiff wrote two checks, in the amounts of $300 and $500 respectively, on March 10, 2011 to Horseshoe Bossier City, a casino.  Def. MSJ App., Exh. C at Page ID 275, 278, 287, 289.  The record is devoid of additional evidence demonstrating that Plaintiff wrote the checks for the purpose of acquiring goods or services.  Plaintiff has wholly failed to respond to Defendant's arguments and has not identified specific facts in the record that would raise a genuine issue as to his consumer status.  Thus, the District Court should grant Defendant's motion for partial summary judgment with respect to Plaintiff's DTPA claim.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court DENY Plaintiff's Motion for Partial Summary Judgment (Doc. 37) and GRANT Defendant's Motion for Partial Summary Judgment (Doc. 41). The District Court should DISMISS with prejudice Plaintiff's claims under the Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.01, *et seq*.

SO RECOMMENDED, July 7, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

6